UNITED STATES DISTRIC COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFERY WILLIAMS,

                              Plaintiff,                      Caso No.   1:25-cv-5567

    -against-

TAIYAKI NYC INC.
and 119 BAXTER STREET CC LLC,            **COMPLAINT AND DEMAND**
                                                                               **FOR JURY TRIAL**

                              Defendants
------------------------------------------------------------x

Plaintiff Jeffery Williams (hereafter referred to as "plaintiff"), by counsel, Gabriel A. Levy, P.C., as and for the Complaint in this action against defendants Taiyaki NYC Inc. and 119 Baxter Street CC LLC (together referred to as "defendants"), hereby alleges as follows:

## NATURE OF THE CLAIMS

    1.      This case is about ongoing and unlawful disability discrimination. Plaintiff brings this action to hold defendants accountable for their failure to comply with longstanding federal, state, and local disability access laws. The relief sought includes declaratory and injunctive relief, monetary damages, and an award of attorney's fees and costs, arising from violations of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181 et seq., the New York State Executive Law, the New York State Civil Rights Law, and the New York City Human Rights Law.

    2.      Defendants own, operate, and/or lease a business that constitutes a public accommodation under each of the relevant statutes. They are legally responsible for ensuring the location complies with accessibility requirements. They've chosen instead to cut corners, opting not to meet those legal obligations, hoping no one would notice. In doing so, they've signaled that disabled customers are not worth the effort. This action seeks to correct that

1

injustice and compel compliance so that plaintiff, and others similarly situated, can access the premises as nondisabled patrons do.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 12188 and 28 U.S.C. §§ 1331 and 1343, as the claims arise under federal law. The Court also has supplemental jurisdiction over related state and local claims under 28 U.S.C. § 1367(a).

4. Venue is proper in this District under 28 U.S.C. § 1391(b) because the discriminatory conduct occurred here, and the subject premises are located within this District.

## PARTIES

5. Plaintiff is a resident of New York County.

6. He has used a wheelchair for mobility since sustaining a spinal cord injury from a gunshot wound at the age of 13. His injury severely limits his ability to walk and affects his range of motion.

7. Defendants own, operate, lease, or otherwise control a business located at or near 119 Baxter Street, New York, NY 10013 (the "Premises").

8. Both entities are authorized to do business in the State of New York.

9. The business at issue is a public accommodation subject to the ADA, the New York State Executive Law, and the Administrative Code of the City of New York.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. Each Defendants fall squarely within the definition of public accommodations under the ADA (42 U.S.C. § 12181 and 28 C.F.R. § 36.104), New York Executive Law § 292(9), and the Administrative Code of the City of New York § 8-102(9) because they own,

lease, control, or operate the Premises.

11. The Premises is operated by a private entity, serves the public, affects commerce, and therefore qualifies as a public accommodation under the above laws.

12. Despite this legal classification, the Premises contains numerous physical barriers that block or limit access for individuals with disabilities, including the plaintiff.

13. Upon information and belief, the building was constructed for first occupancy after January 26, 1993, placing it within the coverage of the ADA's new construction standards.

14. Additionally, defendants made renovations or alterations to the Premises sometime after January 1992, further triggering their obligation to comply with accessibility standards.

15. Plaintiff frequently visits this part of New York City. He drives a vehicle equipped with hand controls, which allows him to travel independently despite being paralyzed from the waist down.

16. Plaintiff regularly comes to the neighborhood for personal and social reasons—shopping, dining, meeting friends, and spending time with family—just like anyone else.

17. On or about May 13, 2025, plaintiff attempted to visit the Premises, attracted by its unique offerings, including Japanese-style ice cream and taiyaki pastries.

18. But plaintiff's visit ended at the doorstep. Barriers at the main entrance, including steps and the absence of a call bell or any alternative entry system, prevented him from entering.

19. These physical obstacles remain in place. Plaintiff left the scene feeling

humiliated and excluded.

20. Nonetheless, he still wishes to visit and experience the offerings of the business once those barriers are removed.

21. The Premises is located less than an hour from plaintiff's home.

22. Despite its proximity, the establishment's features and design do not comply with the applicable accessibility regulations, including the 1991 and 2010 ADA Standards for Accessible Design, as codified in 28 C.F.R. Part 36, Appendix A, and the ADA Accessibility Guidelines.

23. Due to this noncompliance, plaintiff was denied equal, safe, and full access to the goods and services at the Premises.

24. The facility has not been constructed or altered in accordance with federal, state, or local accessibility codes, including the ADA Standards, New York City Building Code, and the 2014 NYC Construction Code.

25. Barriers to access include, but are not limited to, the following:

26. The entrance is not accessible. No accessible route is provided from the sidewalk or street to the door. There is no ramp to address the elevation change caused by the entry step. The doorway is not usable by wheelchair users. No alternate means of egress or assistance is available. These conditions violate a range of accessibility requirements under applicable federal regulations.

27. These listed issues are not exhaustive. Plaintiff believes that a full on-site inspection would reveal additional violations and barriers not apparent from a single visit.

28. Because the ADA is remedial civil rights legislation, plaintiff is entitled to conduct such an inspection and intends to amend this pleading once all violations are fully

documented.

29.     Defendants have denied plaintiff equal access and the ability to benefit from the goods, services, and privileges they offer to others.

30.     They have failed to implement compliant policies, practices, and procedures to accommodate individuals with disabilities, and they have not made reasonable accommodations or modifications where required.

31.     As a result, plaintiff continues to face a credible and ongoing threat of discrimination. The access barriers deter him from visiting and violate laws that exist to ensure equal treatment.

32.     Plaintiff travels often to this area and would return to the Premises once it becomes accessible.

33.     He looks forward to experiencing what the location has to offer, in the same manner and setting as nondisabled patrons.

**FIRST CAUSE OF ACTION**

**(VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT)**

34.     Plaintiff repeats and incorporates all prior allegations as though fully set forth herein.

35.     Due to a spinal injury, plaintiff is substantially limited in the major life activities of walking and physical mobility. He uses a wheelchair for movement and experiences a reduced range of motion, qualifying as an individual with a disability under the ADA.

36.     The ADA holds both property owners and lessees jointly and severally liable for maintaining accessible places of public accommodation. This obligation cannot be shifted

between parties through lease agreements. See 28 C.F.R. § 36.201(b).

37. Despite that, defendants have subjected plaintiff to unequal treatment by failing to provide him with the same access they offer nondisabled customers. Their practices and policies have disproportionately burdened him as a disabled patron.

38. By maintaining a facility that is not compliant with federal accessibility standards, defendants have sent a clear message: disabled people are not welcome.

39. The building and public accommodation operated by defendants is not readily usable by persons with disabilities and does not comply with the 1991 or 2010 ADA Standards. See 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.401(a)(1).

40. The design and condition of the Premises deny individuals with disabilities an integrated, equal experience, in direct violation of 42 U.S.C. § 12182(b)(1)(A) and 28 C.F.R. § 36.203.

41. Even after making alterations, defendants failed to ensure that those modifications complied with accessibility standards or improved access to the maximum extent feasible. See 28 C.F.R. §§ 36.402 and 36.406.

42. They also failed to ensure that paths of travel to primary function areas were made accessible during renovations, as required by 28 C.F.R. § 36.403.

43. Under 28 C.F.R. § 36.406(5), public accommodations must bring all noncompliant elements of a facility into compliance with the 2010 Standards. Defendants have not done so.

44. They have also failed to remove architectural barriers when doing so would have been readily achievable, in violation of 28 C.F.R. § 36.304. Bringing the Premises into compliance would not have imposed an undue burden or hardship.

45. Alternatively, defendants have not offered reasonable alternatives to physical

barrier removal, as permitted under 28 C.F.R. § 36.305, further compounding their violations.

46. By continuing to operate a business that is physically inaccessible to people with disabilities, defendants have engaged in a pattern and practice of discrimination prohibited by the ADA. See 42 U.S.C. § 12181 et seq.; 28 C.F.R. § 36.101 et seq.

47. Defendants' ongoing failure to bring their facility into compliance with the ADA and associated regulations is discriminatory, unlawful, and actionable.

## SECOND CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE EXECUTIVE LAW)

48. Plaintiff realleges all prior paragraphs as if fully restated herein.

49. Plaintiff lives with a permanent physical disability that severely restricts both his mobility and range of motion. These impairments qualify as a disability under the New York State Executive Law § 296(21).

50. Defendants have treated plaintiff unequally by denying him access to their place of public accommodation on the basis of his disability.

51. By operating and maintaining a business that is not accessible, defendants have violated New York Executive Law § 296(2). Their conduct also constitutes aiding and abetting under the statute, as both entities contributed to the discriminatory conditions.

52. Defendants failed to remove readily achievable physical barriers as required by § 296(2)(c)(iii).

53. Alternatively, they failed to provide reasonable alternatives to physical access, in violation of § 296(2)(c)(iv).

54. Remediating the barriers at the Premises would have been readily achievable and would not have imposed undue financial or administrative hardship on defendants.

55. As a direct result of defendants' violations, plaintiff has suffered and continues

to suffer emotional harm, including humiliation, anxiety, and distress.

56. He is also entitled to recover monetary damages, in an amount to be determined at trial.

## **THIRD CAUSE OF ACTION**

**(VIOLATIONS OF THE ADMINISTRATIVE CODE OF THE CITY OF NEW YORK)**

57. Plaintiff incorporates all preceding allegations as if fully set forth here.

58. Plaintiff has multiple medical conditions that impair major life activities, including mobility and physical movement. These impairments constitute a disability under the New York City Human Rights Law, Administrative Code § 8-102(16).

59. The Local Civil Rights Restoration Act of 2005 (Local Law 85) clarified that the City's Human Rights Law must be interpreted broadly and independently of federal and state standards. Section 8-130 of the Administrative Code now mandates a liberal construction to achieve the law's broad remedial purpose.

60. Defendants have denied plaintiff equal access to their business and its amenities, directly and indirectly refusing and withholding accommodations, privileges, and services because of his disability. This conduct violates Administrative Code § 8-107(4). Each defendant has participated in and facilitated this discriminatory conduct.

61. By designing, operating, or maintaining an inaccessible space open to the public, defendants have violated the City Human Rights Law. The barriers and resulting exclusion are ongoing.

62. Defendants have refused to make necessary changes to their commercial space, thereby continuing to deny plaintiff the full use and enjoyment of the premises based on his disability.

63. These violations fall under both § 8-107(4) and Local Law 58, which governs

accessibility in New York City.

64. As a direct result of defendants' conduct, plaintiff has experienced emotional distress, including embarrassment, humiliation, and ongoing frustration.

65. On information and belief, defendants' refusal to address access issues has been intentional and reckless, reflecting a knowing disregard for plaintiff's rights.

66. By choosing not to bring the premises into compliance, defendants have sent a clear signal to disabled customers that they are unwelcome.

67. Defendants' conduct has been willful, reckless, and egregious. As such, plaintiff is entitled to an award of punitive damages under Administrative Code § 8-502.

68. Additionally, defendants have unjustly benefited from their noncompliance, generating revenue from a space that does not meet legal accessibility standards. Those unlawful profits, along with applicable interest, must be disgorged.

69. Plaintiff has incurred and will continue to incur damages as a result of this unlawful discrimination, in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### (VIOLATIONS OF THE NEW YORK STATE CIVIL RIGHTS LAW)

70. Plaintiff repeats all prior allegations as if fully stated here.

71. Defendants have discriminated against plaintiff in violation of the New York State Executive Law, as already alleged.

72. As a result of that statutory violation, plaintiff is entitled to recover the penalties prescribed under Civil Rights Law §§ 40-c and 40-d for each instance of discrimination.

### INJUNCTIVE RELIEF

73. Plaintiff continues to face unlawful discrimination due to defendants' ongoing

failure to comply with federal, state, and local accessibility laws. Injunctive relief is necessary to compel defendants to modify their physical premises, policies, and business practices to meet legal standards.

74. This relief should require defendants to bring their facility into full compliance and ensure that it is accessible and usable by plaintiff and other individuals with disabilities.

75. Injunctive relief is also needed to mandate the provision of auxiliary aids and services, adjustments to policies, and alternative methods of access where appropriate, consistent with the ADA, the Executive Law, and the Administrative Code.

### **DECLARATORY RELIEF**

76. Plaintiff seeks a judicial declaration confirming that defendants have violated applicable accessibility laws and identifying the specific architectural and policy-based modifications required to bring their facility and operations into compliance.

### **ATTORNEY'S FEES, EXPENSES AND COSTS**

77. To enforce his rights, plaintiff has retained counsel and is entitled to recover reasonable attorney's fees, costs, and litigation expenses under the ADA and the Administrative Code. See 42 U.S.C. § 12205; 28 C.F.R. § 36.505; Administrative Code § 8-502.

### **PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that the Court enter a judgment against the defendants, jointly and severally, in favor of plaintiff that contains the following relief:

i. Enter declaratory judgment declaring that defendants have violated the ADA and its implementing regulations, Executive Law and Administrative Code and declaring the rights of plaintiff as to defendants' place of public

    accommodation, and defendants' policies, practices and procedures;

ii. Issue a permanent injunction ordering **defendants to close and cease all business** until defendants remove all violations of the ADA, the 1991 Standards or the 2010 Standards, Executive Law and Administrative Code, including but not limited to the violations set forth above, or in the alternative, **ordering the defendants to provide a plan for compliance**;

iii. Retain jurisdiction over the defendants until the Court is satisfied that the defendants' unlawful practices, acts and omissions no longer exist and will not reoccur;

iv. Award of compensatory damages in an amount to be determined at trial;

v. Award plaintiff punitive damages in order to punish and deter the defendants for their violations of the Administrative Code of the City of New York;

vi. Award reasonable attorney's fees, costs and expenses pursuant to the Administrative Code;

vii. Find that plaintiff is a prevailing party in this litigation and award reasonable attorney's fees, costs and expenses pursuant to the ADA; and

viii. For such other and further relief, at law or in equity, to which plaintiff may be justly entitled.

Dated: July 7, 2025

    Manhasset, New York

                                              Respectfully submitted,

                                              **GABRIEL A. LEVY, P.C.**
                                              Attorney for Plaintiff
                                              1129 Northern Blvd, Suite 404

Manhasset, NY 11030
(347) 941-4715

**By:** /s/ Gabriel A. Levy, Esq.
**GABRIEL A. LEVY, ESQ (5488655)**
Glevy@glpcfirm.com